Gerald Barrett, SBN: 005855
Sam Waxman, SBN: 037366
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine, as trustee of the Plaintiff Taft-Hartley trust funds; Debra Margraf, as trustee of the Plaintiff Taft-Hartley trust funds; IBEW Local Union No. 640 and Arizona Chapter NECA Health &Welfare Fund, a Taft-Hartley trust; IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund, a Taft-Hartley trust; IBEW Local Union No. 640 and Arizona Chapter NECA Defined Contribution Fund, a Taft-Hartley trust; National Electrical Benefit Fund, a Taft-Hartley trust; Phoenix Electrical Industry Joint Apprenticeship and Training Committee, a Taft-Hartley trust; NECA-IBEW National Labor-Management Cooperative Fund, a Taft-Hartley trust; Arizona Chapter, N.E.C.A as Administrator of the Receiving and Administration Fund, a Trust Fund; Labor-Management Cooperation Fund, a Taft –Hartley Trust Fund; Arizona Chapter NECA/IBEW Local 640 Drug-Free Workplace Program., a Taft- Hartley Trust Fund; Local Union 640, International Brotherhood of Electrical Workers, a Labor Organization<br><br>                                        Plaintiffs,<br><br>                vs.<br><br>    BG Electric & Lighting LLC, an Arizona<br><br>corporation<br><br>                                        Defendant. | No.<br><br>COMPLAINT |

Plaintiffs allege, as follows:

<u>Introduction</u>

1. Defendant BG Electric & Lighting LLC ("Employer") is an electrical contractor that is bound to a collective bargaining agreement with Plaintiff Local Union 640, International Brotherhood of Electrical Workers.

2. Employer filed contribution reporting forms but has failed to pay contractually obligated employee benefit contributions to the various plaintiff Taft-Hartley trust funds and resulting liquidated damages in the total amount of $49,154.56 for work performed from March 1, 2023 through April 30, 2023.

3. Employer has withheld $5,141.81 from its employees' wages for work performed from March 1, 2023 through April 30, 2023 pursuant to dues checkoff authorizations, but has failed to remit the money to Plaintiffs Local 640 as required by the checkoff authorizations.

4. Employer has failed to file contribution reporting forms for work performed during the months of January and May 2023.

<u>Allegations Common to All Claims</u>

5. Plaintiffs Dean Wine and Debra Margraf serve as fiduciaries for each of the plaintiff Taft- Hartley trust funds described in Paragraph 5 for, among other purposes, collecting money due from contributing employers.

6. Plaintiff IBEW Local Union No. 640 and Arizona Chapter NECA Health &Welfare Fund (H&W), IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund (Pension), IBEW Local Union No. 640 and Arizona Chapter NECA Defined Contribution Fund (Annuity), National Electrical Benefit Fund (NEBF), Phoenix Electrical Industry Joint Apprenticeship and Training Committee (JATC), NECA-IBEW National Labor-Management Cooperative Fund (NLMCC), Labor-Management Cooperation Fund (LMCC), Arizona Chapter NECA/IBEW Local 640 Drug-Free Workplace Program, (SUBA), and Arizona Chapter, N.E.C.A. as Administrator of the Receiving and Administration Fund (Administrator), are each the designated payee of

certain contributions required to be made by the Defendant Employer pursuant to its collective bargaining agreements with IBEW Local Union 640. In this regard, each of these Plaintiff Trust Funds is established pursuant to an Agreement and Declaration of Trust which is incorporated by reference in said collective bargaining agreement.

7.     The above-described contributions are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

8.     Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

9.     Plaintiff IBEW Local Union No. 640 is a labor organization within the meaning of the federal labor laws. Local Union No. 640 maintains its principal place of business in Phoenix, Maricopa County, Arizona.

10.     Defendant Employer, an Arizona corporation, at all times relevant herein, was and is transacting business within the State of Arizona as an electrical contractor.

<u>COUNT ONE</u>

11.     Plaintiffs incorporate by this reference those matters set forth in Paragraphs 1 through 10 above.

12.     This action is brought to enforce the terms of a collective bargaining agreements between Defendant and IBEW Local Union No. 640. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

13.     The collective bargaining agreement between Plaintiff Local 640 and Defendant Employer required Defendant to file a contribution report form by the 15th day of each month in which its employees worked with the administrator of the various Plaintiff Trust Funds. In said contribution report forms, Defendant was to list the names of each employee performing work covered by the collective bargaining agreement and the number of hours worked by each employee.

14.     The collective bargaining agreement required Defendant when filing its

monthly contribution reporting forms to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked and the rates set out in the collective bargaining agreement.

15.    The collective bargaining agreement adopts applicable Agreements and Declarations of Trust for each trust fund that respectively provide Defendant is required to pay liquidated damages in an amount equal to 10% of any delinquency.

16.    For hours worked during the months of March and April 2023, Defendant filed a contribution reporting form, but failed to pay contributions.

17.    Based on contribution reporting forms submitted by Defendant for work performed during the months of March and April 2023, Defendant owes to the various trust funds the following amounts:

| Fund | Contributions | Liquidated Damages | Total |
|---|---|---|---|
| NEBF | $3,856.34 | $385.63 | $4,241.97 |
| Health & Welfare | $25,491.40 | $2,549.14 | $28,040.54 |
| Pension | $8,857.76 | $885.78 | $9,743.54 |
| Defined Contribution | $3,169.60 | $316.96 | $3,486.56 |
| JATC | $1,803.76 | $180.38 | $1,984.14 |
| NLMCC | $39.67 | $3.97 | $43.64 |
| LMCC | $317.28 | $31.73 | $349.01 |
| SUBA | $1,150.15 | $115.02 | $1,265.17 |
| Administrator | $0.00 | $0.00 | $0.00 |
| Total | $ 44,685.96 | $4,468.60 | $ 49,154.56 |

18.    Various employees of Defendant Employer, pursuant to a right granted under the collective bargaining agreement, executed a dues checkoff authorization form directing Defendant to deduct a specific amount from their post-tax wages.

19.    Defendant was obligated to remit the amount withheld from its employees' wages when paying its trust fund contributions as described in Paragraph 14 above.

20.    Defendant for worked performed during the months of March and April 2023 deducted the sum of $5,141.81 from its employees' wages, but failed to remit payment.

21.     The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees and court costs incurred as a result of collection effort, together with other necessary costs. Plaintiffs have incurred attorneys' fees, court costs and other costs of collection, including audit charges.

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendant for work performed during March and April 2023 in the total amount, including liquidated damages, of $54,296.37 together with attorneys' fees court cost and all other relief deemed just and proper under the circumstances.

COUNT II

22.     Plaintiff Trust Funds, identified in paragraph 5, incorporate by this reference those matters set forth in Paragraphs 1 through and including 20 except for paragraphs 3, 12, 13, 18, 19 and 20.

23.     Plaintiffs second claim arises under, and jurisdiction is conferred in this Court by virtue of Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§§1132.

24.     By the acts and conduct alleged and complained hereinabove, Defendant has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

25.     Plaintiffs are entitled under Section 502(g) (2) of ERISA, 29 U.S.C. §1132(g) (2) to recover interest, liquidated damages and attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiff Trust Funds request that the Court grant judgment in their favor and against Defendant for work performed during March and April 2023 in the total amount of $49,154.56 together with attorneys' fees court cost and all other relief deemed just and proper under the circumstances.

COUNT III

26.     Plaintiffs' third claim seeks to remedy Defendant's breach of their contractual obligation to report hours worked during the months of January and May 2023 and thereafter and to pay contributions and dues owed as a result of such work.

27.    Plaintiffs incorporate by this reference those matters set forth in Paragraphs 1-21.

28.    Defendant worked employees in covered employment in January and May 2023, but has failed to file contribution reporting forms for said work or pay required fringe benefit contributions or remit money deducted from employees' wages for union dues.

29.    Absent entry of an order compelling Defendant's compliance with its reporting and payment obligations, Defendant will most likely breach such obligations for future months.

30.    Absent receipt of Defendants money reporting forms, Plaintiff trust funds will lack an ability to credit plan participants with hours worked, creating the risk that such participants will lose health insurance eligibility and not obtain pension credits. In this regard, Defendant's employees establish eligibility for heath insurance and pension credits by working sufficient hours to meet criteria governing each plan.

31.    Defendant's future breaches will irreparably injure employee participants as well as the Plaintiff employee benefit plans.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant Employer that compels defendants to timely comply with all reporting and payment obligations for hours worked during the months of January and May 2023 and all subsequent months together with other relief deemed by the Court to be appropriate including attorneys' fees and pre-judgment interest.

<u>COUNT IV</u>

32.    Plaintiffs' fourth claim arises under, and jurisdiction is conferred in this Court by virtue of Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§§1132.

33.    Plaintiffs incorporate by this reference those matters set forth in Paragraphs 22 – 25.

34.    By the acts and conduct alleged and complained hereinabove, Defendant

has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

35.    Plaintiffs are entitled under Section 502(g) (2) of ERISA, 29 U.S.C. §1132(g) (2) to recover interest, liquidated damages and attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiff Trust Funds request that the Court grant judgment in their favor and against Defendant for work performed during January and May 2023 together with attorneys' fees court cost and all other relief deemed just and proper under the circumstances.

**DATED** this 30th day of June 2023.

WARD, KEENAN & BARRETT, P.C.

By:  s/Gerald Barrett

Gerald Barrett
Sam Waxman
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Attorneys for Plaintiffs