Gerald Barrett, Esq. SBN: 005955
Sam Waxman, SBN: 037366
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com`
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine, as Trustee of the Plaintiff Taft-Hartley Trust Funds, et al., <br><br>            Plaintiffs, <br>    vs. <br>BG Electric & Lighting, LLC, <br><br>            Defendant. | Case No.: CV-23-01217-PHX-JJT <br><br> MOTION FOR ENTRY OF JUDGMENT BY DEFAULT |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, plaintiffs respectfully request entry of default judgment against defendant in the form submitted this date. Plaintiffs filed this day a declaration from undersigned counsel setting forth the factual basis for entry of judgment. Declaration in Support of Motion for Entry of Judgement by Default ("Decl."). Counts I (breach of collective bargaining agreement) and II (breach of ERISA §515) of the Complaint allege Defendant owes employee fringe benefit contributions based upon reports submitted by the Defendant employer. See, 29 U.S.C. §§ 301 and 1145; Complaint ¶¶ 11-25; Decl. ¶¶ 2-6. Counts III and IV of the Complaint allege Defendant failed to file required contribution reporting forms for specific months. Complaint ¶¶ 26-35; Decl. ¶¶ 7-8; See, *Trustees of the National Automatic Sprinkler Industry Pension Fund v. Fairfield County Sprinkler Co.*, 243 F. 3d 112 (2nd Cir.

2001)(ERISA § 515 creates independent federal right of action distinct from contract on which the duty to contribute and report is based.).

The proposed form of judgment is identical in kind to that sought in the complaint.

Factors relevant to determining whether to enter a default judgment all favor entry of a default judgment in the instant matter. *Eitel v.* McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiffs are entitled to a prompt resolution of this matter. See, *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 87(1982), (Congress passed ERISA § 515 "because simple collection actions brought by plan trustees [had] been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plan's entitlement to the contributions,' and steps [had to] be taken to 'simplify delinquency collection.'"); *International Painters and Allied Trades Union and Industry Pension Fund v. H. W. Ellis Painting Company, Inc.,* 288 F. Supp. 2d 22, (D.D.C. 2003); *Flynn v. Jocanz, Inc.*, 480 F. Supp. 2d 218 (D.D.C. 2007); *Wine v. SCH Elec., L.L.C.,* 2008 U.S. Dist. LEXIS 66283 (D. Ariz. 2008).

The complaint is well-pled, placing defendant on notice of plaintiffs' theory of the facts, the governing law and the requested relief.

**A.     Counts I and II**

Plaintiffs' claim for a money judgment is meritorious.  Defendant, as required under its collective bargaining agreement with Plaintiff Local Union 640, International Brotherhood of Electrical Workers, prepared and filed, often late, fringe benefit reporting forms detailing the names of its employees and the numbers of hours worked. See, Decl. ¶¶ 2-6. Plaintiffs properly has relied upon those reports. *Mackillop v. Lowe's Mkt*., 58 F.3d 1441, 1446 (9th Cir. 1995)(Benefit plans must be able to rely on the contribution promises of employers because plans must pay out to beneficiaries whether or not employers live up to their obligations.); *Construction Laborers Trust Funds for Southern California Administrative Company v. Precision Masonry Builders, Inc.*, 2018 WL

1406604 (C.D. Cal. 2018)(Employer cannot dispute accuracy of contribution reports it submitted to the Trust Funds, nor audits based on payroll records.). In this regard, use of an honor system for employer reporting of hours worked to an employee benefit plan is common, particularly for construction industry Taft-Hartley funds. See, *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342-43 (D.C. Cir. 1991)(Typical in the construction industry for a signatory employer each month to: (1) file a monthly report listing the names of its employees and the number of hours worked by each, and (2) pay contributions based on the number of hours worked.); *United States v. Grizzle*, 933 F.2d 943, 947 (11th Cir. 1991)(To assure accuracy, Congress intended 18 U.S.C § 664 to govern the filing of contribution reporting forms.)

Governing federal law precludes any defense. The instant suit is timely. *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180 (9th Cir. 2010)(applying Washington's six year contract statute of limitations). Consistent with ERISA, courts have shown little tolerance for creative defenses to collection claims. *Southwest Admrs. Inc. v. Rozay's Transfer,* 791 F2d 769 (9th Cir.1986) cert. den. (1987) 479 U.S. 1065 (In action to recover allegedly delinquent trust fund contribution under 29 U.S.C. §§ 1132 and 1145 fraud is no defense since employer's misrepresentation claim concerning enforcement of collective bargaining agreement expressed provisions alleges fraud in inducement and claim that promise to make contributions was fraudulently induced is not legitimate defense to trust fund's action to recover delinquent contributions.)*; Mackillop v Lowe's Mkt*., *supra,* (Employer's assertion that collective bargaining agreement is invalid due to lack of union's majority status is not defense in action brought by ERISA plan or its trustees to collect employer contributions.)*; Waggoner v Dallaireee* 649 F2d 1362 (9th Cir. 1981)(Employer must make trust fund contributions for all hours for which employee works or is paid where employee splits work time between position covered by master labor agreement and position not covered.); *Pension Fund v Central Cartage Co.*, 69 F.3d 1312 (7th Cir 1995)(Obligation to contribute does not turn on whether employee

is a union member.) *Trustees of Operating Engineers Pension Trust v. O'Dell,* 682 F. Supp. 1506 (D.C. Nev. 1988)(Equitable defenses such as laches, waiver, estoppel and traditional contract law defenses are unavailable in suits brought under LMRA (29 U.S.C. §§141 et seq.) and ERISA (29 U.S.C. §§1001 et seq.) to collect delinquent trust fund contributions.); *Northwest Admrs, Inc. v. Sacramento Stucco,* 86 F. Supp. 2d 974 (N.D. Cal 2000)(Because 29 U.S.C. § 186(c)(5) requires that payments from employer to employee benefit trust fund be made according to written agreement setting forth detailed basis on which such payments are to be made, employer and union cannot orally modify terms of employee benefit provisions of collective bargaining agreement; thus, 29 U.S.C. §186(c)(5) precludes defense of oral modification of collective bargaining agreement to multiemployer trust fund's contribution claim under ERISA).

As plaintiffs rely upon reports submitted by defendant, there is no basis for any dispute over the calculation of the amount of money at issue in Counts I and II. Decl., Exhibit 1. See, *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342-43 (D.C. Cir. 1991)(Typical in the construction industry for a signatory employer each month to: (1) file a monthly report listing the names of its employees and the number of hours worked by each, and (2) pay contributions based on the number of hours worked.); *United States v. Grizzle*, 933 F.2d 943, 947 (11th Cir. 1991)(To assure accuracy, Congress intended 18 U.S.C § 664 to govern the filing of contribution reporting forms.)

In view of defendant's submitted reports, ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provides a clear remedy. Plaintiffs, as a matter of law are entitled to recover the amount of the delinquent contributions together with a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as attorney's fees and costs. Decl. ¶¶ 9-11; *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (The legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the

collection of delinquent accounts); *Lads Trucking Co., v. Board of Trustees*, 777 F. 2d 1371 (9th Cir. 1985) (Under section 1132 (g)(2), the district court must award liquidated damages.). Additionally, Plaintiffs are entitled to an award of attorney's fees for efforts in effectuating collection. *Free v. Briody*, 793 F.2d 807, 808-809 (7th Cir. Ill. 1986) ("The point is that the entry of judgment is not the end of the litigation; in this case, it may not even be the beginning of the end. It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal.").

### B.   Counts III and IV

Plaintiffs are entitled to an order compelling Defendant to file contribution reporting forms under Counts III and IV. Pursuant to its collective bargaining agreement, Defendant is obligated to time file monthly reporting forms and pay associated contributions. Complaint ¶¶ 12-15; See, Decl., Exhibits 2 & 3.

Defendant failed to file required contribution reporting forms or make required contributions for hours worked during the months of January and May 2023. See, Complaint ¶¶ 26-35; Decl. ¶¶ 7-8. Defendant's failure to make required contributions deprives the Plaintiff funds of anticipated revenue and disrupts the Plaintiff plans' ability to make projections based on actuarial calculations. Significantly, Plaintiff funds cannot extend benefits to employee-participants absent receipt of timely reports. In this regard, employees qualify for pension credit and health insurance coverage based upon the number of hours reported. Federal law requires timely and accurate reporting and payment of contributions and obligates plan fiduciaries to recover all money due to the plan. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 571-73 (1985). As such, this Court should grant appropriate legal and equitable relief under ERISA § 502(g)(2)(E) ordering Defendant to file contribution reporting forms for hours worked during the months of January and May 2023 and all

future months for the time periods during which Defendant is obligated to pay contributions.

### C. Entry of Default Judgment

Given the governing law, there is no basis for concluding that any dispute exists over a material fact. *Employee Painters' Trust v. J & B Finishes,* 77 F.3d 1188, 1191 (9th Cir. 1996) (Generally, federal law governs parties' rights in actions brought to recover actions under the LMRA and ERISA.)

Defendant has received a copy of every pleading filed without ever appearing let alone urging any reason justifying its failure to answer.

As noted above, federal labor policy favors entry of a default judgment under the circumstances. *International Painters and Allied Trades Union and Industry Pension Fund v. H. W. Ellis Painting Company, Inc.,* 288 F. Supp. 2d 22, (D.D.C. 2003); *Flynn v. Jocanz, Inc.*, 480 F. Supp. 2d 218 (D.D.C. 2007); *Wine v. SCH Elec., L.L.C.,* 2008 U.S. Dist. LEXIS 66283 (D. Ariz. 2008).

RESPECTFULLY SUBMITTED THIS 22nd day of August, 2023.

    S/GERALD BARRETT
Gerald Barrett
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Ste. 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing.

I hereby certify that on August 22, 2023, I served by mail a paper copy of the foregoing to:

BG Electric & Lighting LLC
c/o Gaelen Anderson
801 S. Power Re. Ste, 209
Mesa, AZ 85206

By: s/ Mary Farley